## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL PUBLIC RADIO, INC.**<br>  1111 N. Capitol St. NE<br>  Washington, DC 20002<br><br>**and**<br><br>**TIM MAK,**<br>  c/o National Public Radio, Inc.<br>  1111 N. Capitol St. NE<br>  Washington, DC 20002<br><br>  **Plaintiffs,**<br><br>  v.<br><br>**UNITED STATES DEPARTMENT OF**<br>**HEALTH AND HUMAN SERVICES**<br>  200 Independence Avenue, SW<br>  Washington, DC 20201<br><br>  **Defendant.** | **Case No. 20-cv-1289** |

## COMPLAINT

Plaintiffs National Public Radio, Inc. and Tim Mak (collectively, "NPR"), by their undersigned attorneys, allege as follows:

## INTRODUCTION

1.    This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, seeking the release of agency records from the United States Department of Health and Human Services ("HHS").

2.    Through this action, NPR seeks to compel HHS to release information regarding communications with high-ranking public health officials in the earliest stages of the current COVID-19 pandemic.  These records will help the public better understand the federal government's early response to the pandemic and evaluate the adequacy of that response and the officials' public characterizations of what they knew and what they did.

3.       On March 11, 2020, NPR requested records from HHS and two of its component

agencies, the National Institutes of Health ("NIH") and the Centers for Disease Control and

Prevention ("CDC").  To date, despite its efforts to elicit the records or any substantive agency

response, NPR has not received any determination regarding any of its three requests.  The

agencies' failure to provide any timely response is a violation of HHS's duties pursuant to FOIA.

Its delay and constructive denial of NPR's FOIA requests are improper and should not be

countenanced.  As a matter of law, HHS should be required to fulfill its statutory obligations and

release the requested records immediately.

## **PARTIES**

4.       Plaintiff National Public Radio, Inc. is a non-profit multimedia organization

organized under the laws of the District of Columbia with its principal place of business in

Washington, D.C.  It is the leading provider of non-commercial news, information and

entertainment programming to the American public.  NPR's fact-based, independent journalism

helps the public stay on top of breaking news, follow the most critical stories of the day, and

track complex issues over the long term.  NPR reaches approximately 52 million people on

broadcast radio, podcasts, NPR apps, and NPR.org each week.  NPR distributes its radio

broadcasts through more than 1,000 non-commercial, independently operated radio stations,

licensed to more than 260 NPR members and numerous other NPR-affiliated entities.

5.       Plaintiff Tim Mak is an investigative reporter for NPR based in Washington, D.C.

Among other topics, he covers the federal government's response to the COVID-19 pandemic.

6.       Defendant HHS and its components, NIH and CDC, are agencies of the federal

government.  They have possession, custody and/or control of the records that NPR seeks.  HHS

is located at 200 Independence Avenue SW, Washington, D.C. 20201.

## JURISDICTION AND VENUE

7.      This action arises under FOIA.  This Court has subject matter jurisdiction over

this action pursuant to 28 U.S.C. § 1331 and personal jurisdiction over the parties pursuant to 5

U.S.C. § 552(a)(4)(B).

8.      Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

9.      The Freedom of Information Act "focuses on the citizens' right to be informed

about 'what their government is up to'" by fostering the release of "[o]fficial information that

sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for

Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted). "[D]isclosure, not

secrecy, is the dominant objective" of FOIA.  *Dep't of Interior v. Klamath Water Users

Protective Ass'n*, 532 U.S. 1, 8 (2001) (citation omitted).

10.     NPR plays a critical role in providing information to citizens about "what their

government is up to."  Indeed, the First Amendment's guarantee of freedom of the press is meant

to enable journalists to play an "essential role in our democracy," to "bare the secrets of

government and inform the people."  *New York Times Co. v. United States*, 403 U.S. 713, 717

(1971) (Black, J., concurring).

11.     Through the instant FOIA requests (and through this litigation), NPR seeks to

fulfill its journalistic function and to shine a public light on the operations of the federal

government's public health agencies in the early weeks of the COVID-19 crisis.

## REQUEST A

12.     On March 11, 2020, Mak, on behalf of himself and NPR, sent a FOIA request via

his colleague Jingnan Huo to HHS seeking certain communications to and from the following

officials: Alex Michael Azar II (R); William Michael Brady; Nicholas "Nick" Uehlecke; Bonny Harbinger; Danielle L. Steele; Beth Nelson; Michael Schmoyer. Specifically, the request sought communications from December 1, 2019 through January 31, 2020, containing the following Coronavirus-related words and phrases: 'coronavirus', 'severe acute respiratory syndrome coronavirus 2', 'Wuhan', '2019-nCoV', 'SARS-CoV-2', 'COVID-19', 'evacuate', 'personal protective equipment', 'March Air Force base', 'Travis Air Force', 'Riverside', and 'Solano'. A true and correct copy of this request ("Request A") is attached hereto as Exhibit 1.

13.     NPR inadvertently submitted Request A twice. HHS assigned the duplicate requests processing numbers 2020-00661-FOIA-OS and 2020-00662-FOIA-OS, and notified NPR that it would ignore the latter request as duplicative. True and correct copies of email responses from HHS are attached hereto as Exhibit 2.

14.     Pursuant to FOIA, an agency must make and communicate to the requester its determination regarding a request within 20 working days, or within 30 working days if it can show "unusual circumstances." *See* 5 U.S.C. § 552(6)(a)(i) & (a)(6)(B)(i). A requester is deemed to have exhausted their administrative remedies and may file suit if the agency misses the deadline to make and communicate its determination. 5 U.S.C. § 552(6)(C)(i).

15.     The deadline to communicate a determination regarding Request A expired on April 8, 2020. Still, HHS has not communicated a determination regarding this request to date.

16.     In an effort to avoid litigation, counsel for Plaintiffs on April 10, 2020, sent an email to Michael Bell, the HHS FOIA Public Liaison, asking to discuss how NPR could receive the requested records as quickly as possible. A true and correct copy of that email is attached hereto as Exhibit 3. To date, Plaintiffs' counsel has not received any response from Bell or HHS.

17.     NPR therefore has exhausted its administrative remedies regarding Request A

pursuant to 5 U.S.C. § 552(6)(C)(i).

## REQUEST B

18.     Also on March 11, 2020, Mak, on behalf of himself and NPR, sent via his colleague Huo a FOIA request to NIH seeking certain communications to and from the following officials: Anthony S. Fauci; Hugh Auchincloss; Henry Clifford "H." Lane; Gray Handley; Gregory K. Folkers; Laurie K. Doepel; and David M. Morens.  Specifically, the request sought communications from December 1, 2019 through January 31, 2020, containing the following Coronavirus-related words and phrases:  'coronavirus', 'severe acute respiratory syndrome coronavirus 2', 'Wuhan', '2019-nCoV', 'SARS-CoV-2', and 'COVID-19'.  A true and correct copy of this request ("Request B") is attached hereto as Exhibit 4.

19.     Pursuant to 5 U.S.C. § 552(6)(A)(i), the deadline to communicate a determination regarding Request B was April 8, 2020.  NIH has not communicated with NPR about this request other than an automated email acknowledging its receipt.  NPR therefore has exhausted its administrative remedies regarding Request B pursuant to 5 U.S.C. § 552(6)(C)(i).

20.     In an effort to avoid litigation, counsel for Plaintiffs on April 10, 2020, sent an email to the NIH FOIA officer.  Roger Bordine of the NIH FOIA office responded on April 24, 2020, and stated that "[a]t this time we do not have a realistic idea of when we will have records available."  True and correct copies of the email from NPR's counsel and the response from Mr. Bordine are attached hereto as Exhibit 5.

## REQUEST C

21.     Also on March 11, 2020, Mak, on behalf of himself and NPR, sent a FOIA request via his colleague Huo to CDC seeking certain communications to and from the following officials: Robert Ray Redfield, Anne Schuchat, Sandra Cashman, John J. Dreyzehner and Rudolph "Rudy" Johnson. Specifically, the request sought communications from December 1,

2019 through January 31, 2020, containing the following Coronavirus-related words and phrases: 'coronavirus', 'severe acute respiratory syndrome coronavirus 2', 'Wuhan', '2019-nCoV', 'SARS-CoV-2', and 'COVID-19'.  A true and correct copy of this request ("Request C") is attached hereto as Exhibit 6.

22.      That same day, CDC FOIA Officer Roger Andoh wrote back, stating that the request was too broad and requesting that NPR narrow the request.  Andoh also stated that CDC had assigned the request the tracking number # 20-00868-FOIA.  A true and correct copy of that correspondence is attached hereto as Exhibit 7.

23.      NPR replied on March 24, 2020.  Although the request was not overly broad, in an effort to obtain important records as quickly as possible, NPR agreed to narrow the request to "records and communications to and from Robert Ray Redfield, Anne Schuchat, Sandra Cashman, John J. Dreyzehner and Rudolph "Rudy" Johnson in which the CDC planned for and prepared for potential U.S. cases of COVID-19 before the first of those cases occurred in the United States."  A true and correct copy of that reply is attached hereto as Exhibit 8.

24.      In an effort to avoid litigation, counsel for Plaintiffs on April 10, 2020, sent an email to Andoh, asking to discuss how NPR could receive the requested records as quickly as possible.  A true and correct copy of that email is attached hereto as Exhibit 9.  Counsel for Plaintiffs has not received a response from Andoh or CDC to date.  NPR has received no other substantive communications from CDC regarding this request.

25.      NPR therefore has exhausted its administrative remedies regarding Request C pursuant to 5 U.S.C. § 552(6)(C)(i) (a requestor "shall be deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions").

## CLAIM FOR RELIEF

### COUNT I
### (Declaratory and Injunctive Relief:
### Violation of the Freedom of Information Act, 5 U.S.C. § 552)

26.     NPR realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

27.     HHS is an agency subject to FOIA, 5 U.S.C. § 552(f), and therefore must disclose in response to a FOIA request all responsive records in its possession at the time of the request that are not specifically exempt from disclosure under FOIA, and must provide a lawful reason for withholding any records (or portions thereof) as to which they are claiming an exemption.

28.     The records requested in Requests A through C, described herein and attached hereto (Exhibits 1, 4, and 6), are subject to release pursuant to FOIA.

29.     HHS's failure to comply with its statutory duties and timely disclose the records sought by Requests A through C is a constructive denial of these requests and violates FOIA, 5 U.S.C. § 552(a)(3)(A).

## REQUEST FOR RELIEF

WHEREFORE, NPR respectfully requests that this Court:

A.   Expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;

B.   Declare that the records sought by Requests A through C, as more particularly described above, are public records pursuant to FOIA and must be disclosed;

C.   Order HHS to provide the requested records to NPR, including electronic copies of records stored in electronic format, within 10 business days of the Court's order;

D.   Award NPR the costs of this proceeding, including its reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

E.  Grant NPR such other and further relief as this Court deems just and proper.


Dated: May 15, 2020                    Respectfully submitted,

                                       BALLARD SPAHR LLP

                                       _____/s/ Matthew E. Kelley_____
                                       Matthew E. Kelley (Bar No. 1018126)
                                       1909 K Street, NW, 12th Floor
                                       Washington, DC 20006
                                       Tel: (202) 508-1112
                                       Fax: (202) 661-2299
                                       kelleym@ballardspahr.com

                                       David J. Bodney (*pro hac vice* application
                                       forthcoming)
                                       BALLARD SPAHR LLP
                                       1 East Washington Street, Suite 2300
                                       Phoenix, AZ 85004
                                       Tel: (602) 798-5400
                                       Fax: (602) 798-5595
                                       bodneyd@ballardspahr.com

                                       *Counsel for Plaintiffs National Public*
                                       *Radio, Inc. and Tim Mak*